**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-50533
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER ORTEGA-FRANCO,
also known as Gabriel Zarate,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-183-1

March 26, 1999

Before POLITZ,  BARKSDALE,  and  STEWART, Circuit Judges.

PER CURIAM:[*]

        Javier Ortega-Franco (Ortega) has appealed his convictions and sentence for harboring

aliens, conspiracy to commit that and related offenses, possession of a false alien registration

receipt card, and possession of a false social security card.  We AFFIRM.

        Ortega initially contends that the district court committed reversible error by admitting

into evidence hearsay testimony that some of the aliens involved had admitted their illegal status.

We agree that the evidence was admitted erroneously.  However, the testimony was cumulative

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and had no effect on the outcome of the trial. Being harmless error, we refuse to reverse. See United States v. Hare, 150 F.3d 419, 424 (5th Cir. 1998).

Ortega next contends that the district court erred by overruling his motion to suppress evidence obtained as a result of a warrantless search of an apartment in which he housed some of the aliens. The district court held that the search was legal, on grounds that voluntary consent to enter was granted to the Immigration and Naturalization agents by a person who had authority to do so. See United States v. Jaras, 86 F.3d 383, 388-89 (5th Cir. 1996). Ortega is not entitled to relief because this ruling is supported by testimony of the agents, including the two agents to whom the consent was given.

Finally, Ortega contends that the district court reversibly erred by increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1, upon finding that the illegal aliens who worked for him were participants in the offense. Since he did not present this contention in the district court, Ortega is not entitled to relief unless there was plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). There was no error because, as the record shows, the district court did not make any such finding. The presentence report, which the district court adopted, relies on U.S.S.G. § 3B1.1(c), which requires only one other participant; in this case, it was Ortega's codefendant. If the district court had counted the worker-aliens as participants, the court would have increased Ortega's offense level by four levels, as provided by § 3B1.1(a). This is because the court found that Ortega's was a leadership role and more than four worker-aliens were involved, in addition to the codefendant.

JUDGMENT AFFIRMED.